[Cite as *State ex rel. Yantis v. Woods*, 2016-Ohio-5341.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Michael D. Yantis, | : | |
| Relator, | : | |
| v. | : | No. 16AP-50 |
| Judge William H. Woods, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on August 11, 2016

*Michael D. Yantis,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

TYACK, J.

{¶ 1} Michael D. Yantis filed this action in procedendo, seeking a writ of procedendo to compel Judge William H. Woods to enter judgment on a motion for jail-time credit filed by Yantis in July 2015.

{¶ 2} In accord with Loc.R. 13 of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.

{¶ 3} Counsel for Judge Woods filed a motion for summary judgment and provided proof that Judge Woods has ruled on the motion filed by Yantis. As a result, the magistrate issued a magistrate's decision, appended hereto, containing detailed findings

of fact and conclusions of law.  The magistrate's decision includes a recommendation that we grant summary judgment and deny the request for a writ.

{¶ 4}  Yantis has not filed objections to the magistrate's decision.

{¶ 5}  No error of law or fact is present on the face of the magistrate's decision. We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision.  As a result, we deny the request for a writ of procedendo.

*Writ of procedendo denied.*

KLATT and HORTON, JJ., concur.

––––––––––––

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Michael D. Yantis, | : | |
| Relator, | : | |
| v. | : | No. 16AP-50 |
| Judge William H. Woods, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on May 10, 2016**

*Michael D. Yantis,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,*
for respondent.

### IN PROCEDENDO
### ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 6} In this original action, relator, Michael D. Yantis, an inmate of the Ross Correctional Institution ("RCI"), requests that a writ of procedendo issue against respondent, the Honorable William H. Woods, a judge of the Franklin County Court of Common Pleas. Relator requests that the writ order respondent to rule on his motion for jail-time credit filed in the common pleas court on July 14, 2015.

Findings of Fact:

{¶ 7} 1. On January 22, 2016, relator, an RCI inmate, filed this original action against respondent. In his complaint, relator requests a writ of procedendo ordering respondent to rule on his motion for jail-time credit filed in the common pleas court on July 14, 2015 in case No. 12CR-3829.

{¶ 8} 2. On February 12, 2016, respondent filed a motion to dismiss on grounds that this action is moot.

{¶ 9} 3. On February 16, 2016, the magistrate issued an order converting respondent's motion to dismiss to one for summary judgment. Also on February 16, 2016, the magistrate issued notice that respondent's motion to dismiss converted to one for summary judgment is set for submission to the magistrate on March 7, 2016.

{¶ 10} 4. On March 23, 2016, respondent responded to the magistrate's order and notice of February 16, 2016.

{¶ 11} 5. Respondent submitted an entry filed by respondent in the common pleas court on February 11, 2016. The entry grants relator's July 14, 2015 motion for jail-time credit.

{¶ 12} 6. Relator has not responded to the magistrate's order and notice of February 16, 2016.

Conclusions of Law:

{¶ 13} It is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 14} In this action, relator seeks a writ of procedendo ordering respondent to rule on his July 14, 2015 motion for jail-time credit filed in the common pleas court. Subsequent to the filing of this action, respondent has ruled on relator's motion.

{¶ 15} Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Walker v. Koch*, 98 Ohio St.3d 295, 2003-Ohio-856, ¶ 14.

{¶ 16} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner*, 67 Ohio St.3d 337, 339-40 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146 (1988); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 17} Clearly, respondent is entitled to judgment as a matter of law.

{¶ 18} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 19}

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).